**F I L E D**
CLERK, U.S. DISTRICT COURT

1/27/2026

CENTRAL DISTRICT OF CALIFORNIA
BY: _____RYO_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. LAMAR RICHARDSON, Defendant. | CR 2:26-cr-00038-JVS<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Possession with Intent to Distribute Methamphetamine; 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii)(II): Possession with Intent to Distribute Cocaine; 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii)(II): Possession with Intent to Distribute Cocaine Base; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm; 21 U.S.C. § 853: Criminal Forfeiture; 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about November 17, 2025, in Los Angeles County, within the Central District of California, defendant LAMAR RICHARDSON knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 133 grams, of a mixture and substance

containing a detectable amount of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii)(II)]

On or about November 17, 2025, in Los Angeles County, within the Central District of California, defendant LAMAR RICHARDSON knowingly and intentionally possessed with intent to distribute at least 500 grams, that is, approximately 1.7 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii)]

On or about November 17, 2025, in Los Angeles County, within the Central District of California, defendant LAMAR RICHARDSON knowingly and intentionally possessed with intent to distribute at least 280 grams, that is, approximately 170 grams, of a mixture and substance containing a detectable amount of cocaine base, a Schedule II narcotic drug controlled substance.

COUNT FOUR

[18 U.S.C. § 922(g)(1)]

On or about November 17, 2025, in Los Angeles County, within the Central District of California, defendant LAMAR RICHARDSON, knowingly possessed a firearm, namely, an Ithaca model M-49, .22 caliber single-shot lever action rifle bearing serial number 145415, in and affecting interstate and foreign commerce.

Defendant RICHARDSON possessed such firearm knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Transporting/Selling a Controlled Substance, in violation of California Health and Safety Code Section 11352(a), in the Superior Court of the State of California, County of Los Angeles, Case Number BA438413, on or about July 30, 2015; and

2. Possess for Sale a Controlled Substance, in violation of California Health and Safety Code Section 11351.5, in the Superior Court of the State of California, County of Los Angeles, Case Number BA450431, on or about October 20, 2016.

FORFEITURE ALLEGATION

[21 U.S.C. § 853]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of the defendant's conviction of the offense set forth in Counts One to Three of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

a. All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

b. All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

c. To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished

in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1); 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offense set forth in Count Four of this Indictment.

2.    If so convicted, defendant shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has

//

//

//

8

been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

SHAWN T. ANDREWS
Assistant United States Attorney
Deputy Chief, General Crimes
Section

RAHUL R.A. HARI
Assistant United States Attorney
General Crimes Section

9